FILED

2022 May-02  AM 09:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **GARY CROCKETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 5:21-cv-01067-LCB** |
| | ) | |
| **STATE FARM FIRE AND** | ) | |
| **CASUALTY COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION & ORDER</u>

Before the Court is Defendant State Farm Fire and Casualty Company's Third Motion to Dismiss. (Doc. 36). For the reasons that follow, State Farm's motion is **GRANTED,** and Plaintiff Gary Crockett's case is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

State Farm removed this case to this Court 268 days ago. (Doc. 1). That same day, State Farm filed its answer. (Doc. 2). A month later, on September 8, 2021, the parties filed their Rule 26(f) Report, which was supposed to begin discovery. But in November 2021, 111 days after removal, the Court held a phone conference with the parties, where State Farm informed the Court that Crockett had not provided his initial disclosures or responded to its first set of discovery requests. On that call, Crocket, who was proceeding *pro se* at the time, admitted that he had failed to

provide his initial disclosures and respond to State Farm's discovery requests. The Court directed Crockett to comply with State Farm's discovery requests within a week and advised him to obtain counsel. Crockett agreed to do so.

Two weeks later, on December 9, 2021, 127 days after removal, State Farm filed a motion to compel. (Doc. 13). State Farm moved for Crockett to provide his initial disclosures and comply with its first set of discovery requests. *Id.* On December 13, 2021, the Court granted State Farm's motion and ordered Crockett to respond to State Farm's first discovery requests within one week. (Doc. 14). A week came and went, and Crockett failed to comply.

State Farm then filed its first motion to dismiss on January 4, 2022, 153 days after removal. (Doc. 15). It asked the Court to dismiss Crockett's case for failure to prosecute and failure to comply with the Court's discovery order. The Court held a hearing on the first motion to dismiss on February 3, 2022. Shortly before that hearing, attorney Michael Clem Lambert entered an appearance on behalf of Crockett. (Doc. 28). After the hearing, the Court formally denied State Farm's first motion to dismiss, but not for lack of good cause. The Court imposed monetary sanctions on Crockett and—after receiving assurances of compliance from Mr. Lambert—ordered Crockett to comply with State Farm's discovery requests within five days. (Doc. 30).

Yet another deadline came and went. On February 16, 2022, 196 days after removal, State Farm filed a second motion to dismiss. (Docs. 31, 32). State Farm again asserted that Crockett had yet to provide his initial disclosures or comply with its first discovery requests. The Court held a hearing on the second motion to dismiss two days later. At that hearing, the Court heard arguments from counsel, testimony from Crockett, and again received assurances from Mr. Lambert that his client would comply with the Court's orders and State Farm's discovery requests. Accordingly, the Court formally denied State Farm's motion and once again ordered Crockett to comply with State Farm's discovery requests by April 4, 2022. (Doc. 34).

But the Court is having déjà vu all over again. On April 11, 2022, 250 days after removal, State Farm filed a third motion to dismiss. (Doc. 36). State Farm again asserts that Crockett has failed to provide his initial disclosures or respond *in any way* to State Farm's first discovery requests since the Court's previous order. State Farm again moves for the Court to dismiss Crockett's case for failure to prosecute and comply with the Court's discovery orders under Rule 41(b). Additionally, State Farm advances substantive arguments for dismissal under Rule 12(b)(6). The Court attempted shouting into the void one last time and ordered Crockett to respond to State Farm's failure to prosecute argument by April 21, 2022. Crockett did not file a response.

## DISCUSSION

State Farm moves the Court to dismiss Crockett's case with prejudice under Rule 41(b). The Rule provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). *See Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Additionally, Rule 37(b)(2)(A) provides that "a district court has the authority to impose sanctions, including dismissal, for failure to 'obey an order or provide or permit discovery.'" *Jenkins v. Security Engineers, Inc.*, 798 Fed. Appx. 362, 369 (11th Cir. 2019) (quoting Fed. R. Civ. P. 37(b)(2)(A)).

Dismissal with prejudice under Rule 41(b) is proper only if the district court finds: (1) "a clear record of delay or willful conduct"; and (2) "that lesser sanctions are inadequate to correct such conduct." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoting *Betty K Agencies*, 432 F.3d at 1339). "As to the first prong, simple negligence will not suffice." *Jenkins*, 789 Fed. Appx. at 369 (citing *McKelvey v. AT&T Tech., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). For the second prong, the district court is required to "consider the possibility of alternative, lesser sanctions." *Zocaras*, 465 F.3d at 484.

The Court finds that Crockett has failed to comply with multiple Court orders, warranting sanctions under Rules 41(b) and 37(b)(2)(A). Indeed, Crockett has failed to comply with four court orders: three orders to comply with State Farm's first

discovery requests, and the order to file a response to this motion. Further, the Court finds that both requirements for dismissal with prejudice are easily satisfied here. First, there is a clear record of delay or willful conduct. As explained above, 250 days passed from the date of removal to the date of filing of this remarkable third motion to dismiss for failure to comply with discovery orders. During that time, Crockett and his counsel have repeatedly assured the Court that compliance was imminent and have repeatedly failed to produce any documents whatever. The Court has given Crockett fair warning that continued failure to comply would result in dismissal of his case. Frankly, the Court is out of time and patience for Crockett to produce the most basic discovery to establish his claims.

Second, lesser sanctions will not solve this problem. The Court has not just *considered* lesser sanctions, the Court has *actually imposed* lesser sanctions on Crockett. Those sanctions had no effect. The number of documents that Crockett has produced after the Court found his behavior willful and vexatious and imposed monetary sanctions is exactly zero. In this case, Crockett's continued willful disobedience of the Court's discovery orders proves beyond a shadow of a doubt that lesser alternative sanctions will not bring about any change.

While extraordinary, the Court finds that it has no choice but to use its authority under Rules 41(b) and 37(b)(2)(A) to the fullest extent. Crockett has left the Court with no alternative but to dismiss his case with prejudice.

## <u>CONCLUSION</u>

For these reasons, State Farm's third motion to dismiss (Doc. 36) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE** under Rules 41(b) and 37(b)(2)(A).

**DONE** and **ORDERED** this May 2, 2022.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE